UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JUDITH H. WEISS                                    **NOTICE OF MOTION**
                                                   **FOR SUMMARY JUDGMENT**
                    Plaintiff(s)

         - against -                               Docket No. 07 CV 5712
                                                            (MHD)


FRANCES M. CREEM and BETTY M. OLSON,

                    Defendant(s)
------------------------------------------------------------------x

S I R S:

| | |
|---|---|
| **MOTION BY**: | JAMES G. BILELLO & ASSOCIATES<br>By: John W. Kondulis, Esq.<br>875 Merrick Avenue<br>Westbury, New York  11590<br>(516) 229-4312 |
| **DATE, TIME AND PLACE** | On the April 11,2008 at 9:30 o'clock in the forenoon of that day or as soon there after as counsel can be heard before the Honorable Michael H Dolinger USMJ at the Daniel Patrick Moynihan United States Courthouse located at , 500 Pearl Street, New York, NY, 10007. |
| **SUPPORTING PAPERS**: | Affirmation of John W. Kondulis, Esq. dated March 25, 2008, Affidavit of the the defendant Betty M. Olson sworn to the 26th day of February 2008, exhibits hereto attached and upon all the pleadings and proceedings heretofore had herein. |
| **RELIEF DEMANDED:** | For an order granting the defendant, Betty M. Olson, summary judgment pursuant to FRCP 56 dismissing the complaint and cross-claim on the basis that the defendant vehicle was stopped or stopping when it was struck in the rear. |

Dated: Westbury, New York
       March 25, 2008

                                                By: John W. Kondulis, Esq.
JAMES G. BILELLO & ASSOCIATES
Attorneys for Defendant
Betty M. Olson
875 Merrick Avenue
Westbury, New York 11590
(516) 229-4312
Our File No.: 07K0763

To:

Friedman Friedman Chiaravalloti Giannini
Attorney for Plaintiff
2 Rector Street
21st Floor
New York, NY 10006
212 267-0380


DeSena & Sweeney, LLP
Attorney for Defendant
1383-32 Veterans Memorial Highway, Suite 32

Hauppauge, NY 11788
(631) 360-7333

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JUDITH H. WEISS

                           Plaintiff(s)

        - against -                        Docket No. 07 CV 5712
                                                                                              (MHD)

FRANCES M. CREEM and BETTY M. OLSON,

                           Defendant(s)
------------------------------------------------------------------x

    I, John W. Kondulis, Esq., an attorney duly licensed to practice law in the Courts of the State of New York and in the United States District Courts for the Southern and Eastern Districts of New York , hereby affirms the following under penalties of perjury pursuant to CPLR Rule 2106 and Local rule 1.10:

    1. I am associated with the law firm of JAMES G. BILELLO & ASSOCIATES, the attorneys for the defendant Betty Olson , and as such, I am fully familiar with all of the facts and circumstances of this matter. The source of my knowledge is the files and records maintained by said law firm.

    2. This affirmation is submitted in of the motion by the defendant Betty Olson for an order granyting summary judgment dismissing the complaint of the plaintiff Judith Weiss and the cross-claim of the defendant Frances Creem asserted aginst the defendant Olson pursuant to FRCP Rule 56 (b).

    3. Your affiant respectfully submits that the present motion should be granted in its entirety.

    4. The present action is one for personal injuries allegedly sustained by the plaintiff as a result of an automobile accident occurring on September 18,

2006. The action was commenced in this Court on June 15,2007. (See Exhibit A , Summons and Complaint ). An answer with cross-claim was served on behalf of the defendant Olson on July 6,2007 . ( Exhibit B , Answer with Cross-Claim Betty Olson). An answer with cross-claim was served on behalf of the defendant Frances Creem on on July 17,2007. (See Exhibit C) . An answer to the cross-claim of defendant Creem was served and filed by defendant Olson on or about July 25,2007. ( Exhibit D) .

    5.  Subject matter jurisdiction is based on diversity of citizenship as the amount in controversy is over $75,000 ( see Exhibit A ,paragraph Fourth) and the plaintiff is a citizen of Virginia while the defendants are citizens of New York .

FACTS

    6.  The affidavit of the defendant Betty Olson is attached herein as Exhibit E . (Exhibit E , Affidavit of Betty M Olson sworn to the 26th day of February ,2008.) Ms Olson states that the accident occurred while she was operating her 2003 Suzuki Aerio Hatchback with the plaintiff, Ms Weiss, as a front seat passenger. The accident occurred on September 18,2006 at approximately 3PM. The location of the accident was on Route 32 northbound in the hamlet of Tillson. The weather was clear. Ms Olson states in her affidavit that she had to bring her vehicle to a stop for traffic. While stopped for a period of time ,her vehicle was striuck from the rear and pushed forward . She got out of her vehicle and spoke to the co-defendant Ms Creem who stated that her brakes had failed . Ms Olson's affidavit includes photographs she identified at her deposition

showing the vehicles at the scene immediately after the accident which show rear-end damage to the Olson vehicle and front end damage to the Creem vehicle.

7. The police officer who responed to the scene , Officer Kristofer Barnhart , was deposed on January 21,2008.  Officer Barnhart testified  on the basis of his recollection of the incident and the report he prepared at the scene . The report , Depositon Exhibit B , confirms Ms Olson's description of the accident as to date, time , location and the vehicles and the parties involved. ( Exhibit F , Depostion of Officer Kristofer Barnhart January 21,2008 , page 8 ,lines 3-18, Deposition Exhibit B) . Officer Barnhart confirmed that the collision involved a stopped vehicle struck by another vehicle and identified the striking vehicle as Ms Creems vehicle and the struck vehicle as Ms Olson's ( Exhibit F , page 8 , lines 19-25 and EBT Exhibit B) .  Officer Barnhart confirmed that the weather was clear. (Exhibit F page 11,  lines 20 – 25) . Officer Barnhart testified that Ms Creem indicated on the scene that her brakes had failed . ( Exhibit F , Page 13, lines 16-25) . Officer Barnhart indicated that the diagram on page two of Deposition Exhibit B is a diagram of the actual accident. ( Exhibit F ,page 32 ,lines 9-16) . Officer Barnhart further testified that the cover sheet for the report would describe the causative factors in the boxes in the upper right hand corner .( Exhibit F, Page 32 line 17 to page 33 line 5) . The cover sheet for the report ( Exhibit G ) when applied to his report indicates that applied "42  defective brakes " to Ms Creem while not designating  any causative factors to Ms Olson.

8. The plaintiff, Ms Weiss, was deposed on October 26,2007. She testified that the accident occurrred while she was a passenger in Ms Olson's vehicle on September 18, 2006 at approximately 1PM on road near New Platz and Kingston ( Exhibit H, Weiss deposition, Page 65 lines 8-9; Page 66, lines 6-7; Page 65 lines 17-25, Page 66 lines 2-5). Ms Weiss testified that the accident occurred without warning when the vehicle she was in was hit from behind. ( Exhibit H, Page 75 lines 16-20 ,page 81 lines 3-7) She remebers the roadway being slightly damp ( Exhibit H, page 88 lines 11-24). She testified that the Olson vehicle was either stopped or moving slowly at the time of contact ,possibly stopping because of a school bus . ( Exhibit H ,page 89 line 14 to page 90 line 4; page 76 lines 15-22) . Ms Weiss's testimony has to be considered in light of her claim to have suffered a traumatic brain injury with memory loss in this accident. ( Exhibit H, Pages 4 ,lines 16-22; Page 6 line 17 to Page 7 line 20, Page 47 lines 5-8 ; Page 170 line 24 to Page 171 line 10) .

9. The co-defendant Frances Creem was deposed on January 21,2008. She testified that the accident occurred on September 16, 2006 , a Monday between 3 and 3:30 pm. ( Exhibit I, depostion of Frances Creem, Page 7 lines 3-13) . She was driving her own vehicle (Exhibit I page 7 lines 14-18) . She was traveling northbound on Route 32 for about 5 miles in medium traffic. ( Exhibit I page 13 line 18 to Page 14 line 8 ; Page 17 lines 9-11) . At point where the accident occurred ,Route 32 has one lane northbound. ( Exhibit I Page 17 line 25 to Page 18 line 3). Ms Creem confirms that the front of her vehicle came into contact with rear of the red Olson vehicle with a heavy impact when her own

vehicle was travelling at 40 mph. ( Exhibit I , Page 23 lines 18-21; Page 26 line 21 to page 27 line 2 ; Page 40 line 17 to page 41 line 2) . Ms Creem testified that the Olson Vehicle was not at a stop at the time of impact . ( Exhibit I , Page 19 lines 3- 8 ; Page 20 lines 16-18 ; page 221 lines 18-22 ; page 23 lines 22-25 ; Page 25 line 25 to page 26 line 3 ; Page 40 line 17 to Page 41 ;line 2) . Ms Creem testified that at a point 100 feet before reaching the point of impact she was travelling at 45 to 50 mph at a distance of 2 to 3 car lengths behind a truck and the red vehicle. ( Exhibit I, Page 18 lines 7 to 23; page 37 lines 7 to 12) . Ms Creem indicates that as she reached the point where the road started to go downhill she noticed that the distance between her car and the red car started to decrease at which point she applied her brakes but the brakes failed to slow her vehicle sufficently causing the contact to the red Olson vehicle. ( Exhibit I , Page 21 line 44 to Page 23 line 14; Page 24 lines 2 to 8 ; Page 37 Lines 13 to 24).

Discussion

10. Your affiant respectfully submits that the defendant Olson is entitled to summary judgement pursuant to FRCP Rule 56 (b). As discussed in the accompanying memorandum of law ( Point I ) , a party is entitled to summary judgement where there is no question of a relevant material fact which needs to be tried . In the present case , while there is not a total agreement as to the all facts of the accident by the parties , the disputed fact is not relevant to the issue

of liability since the facts , taken in the most favorable light to the parties adverse to the movant Olson, still direct that she is entitled to summary judgment.

11. The parties and Officer Barnhart all agree , as to the basic facts of the accident in that it involved a rear-end collision to the vehicle owned and operated by defendant Olson in which plaintiff Weiss was a passenger by the vehicle owned and operated by defendant Creem.  Ms Creem in her deposition testimony and in admissions to Ms Olson and Officer Barnhart states that the reason her vehicle failed to stop was the failure of her brakes to operate properly. Ms Creem in her testimony did not place any fault for the occurrence on MS Olson. Ms Weiss in her testimony did not place any blame for the accident on Ms Olson. Officer Barnhart in his report indicated the cause of the accident as being the defective brakes of the Creem vehicle and placed no causative factor on the Olson vehicle. ( Officer Barnharts report is evidence under FRE 803 (6) and (8) as indicated in Point V , Memorandum of Law.) The only fact in dispute is whether the Olson vehicle was stopped or moving at the time of impact with their being three different versions : Olson stopped , Weiss not sure and Creem moving.

12. It is clear that the description of the accident presented in  Ms Olson's testimony indicates that she is entitled to summary judgment. The driver of a moving vehicle that strikes a stopped vehicle in the rear has a duty to come forward with a non-negligent explaination for the accident. See Memorandum of law Point II.  A unexplained rear-end collision on a stopped vehicle entitles the front vehicle to summary judgment. See Memorandum of Law Point III

13. It is also clear that even if the evidence is presented in the light most favorable to Ms Creem that if her vehicle hit the Olson vehicle while the Olson vehicle was still moving , Ms Olson is still entitled to summary judgment. As Indicated in the the Memorandum of Law Point III , an unexplained rear-end hit on a stopping vehicle entitles the forward vehicle to summary judgment. Since Ms Creems description of the accident that the distance between the two vehicles kept shrinking is consistent with the the Olson vehicle stopping at a greater rate of decrease of speed relative to the decrease in speed of the Creem vehicle , the present case is one in which the case law in Point III applies entitling Ms Olson to Summary judgment.

14. Your affiant also respectfully submits that while the issue of the brake failure might raise an issue of fact as to Md Creem's negligence , this has no relevance to the question of Ms Olson's liabilty for the accident since she would obviously have no connection to the condition of the brakes on the Creem vehicle.

15. Your affiant also respectfully submits that there should be no question that New York law applies to this case. The Court in deciding this diversity case would apply New York's choice of law rules for tort which would mandate New York law apply since the accident happened in New York and the defendants are domiciled in New York. See Memorandum of Law Point VI.

**WHEREFORE**, it is respectfully requested that the defendant Olson's motion for an Order pursuant to FRCP RULE 56 (b) be granted and that the plaintiff's complaint and any and all cross-claims be dismissed with prejudice, and for such other and further relief as the Court deems just and proper.

Dated: Westbury, New York
       March 19, 2008

_____
John W. Kondulis, Esq.