UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JUDITH H. WEISS

                                 Plaintiff(s)

          - against -                               Index No. 07 CV 5712

FRANCES M. CREEM and BETTY M. OLSON,

                                 Defendant(s)
-------------------------------------------------------------------x

**MEMORANDUM OF LAW
OF THE DEFENDANT
BETTY M. OLSON**

JAMES G.
BILELLO & ASSOCIATES ATTORNEYS FOR DEFENDANTS
Betty M. Olson
875 Merrick Avenue
Westbury, New York 11590
(516) 229-4312

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JUDITH H. WEISS

            Plaintiff(s)

     - against -        Docket No. 07 CV 5712 (MHD)

FRANCES M. CREEM and BETTY M. OLSON,

            Defendant(s)
------------------------------------------------------------------x

## FACTS

The present action is one for personal injuries allegedly sustained by the plaintiff as result of an automobile accident which occurred on September 18, 2006 on Route 32 in Ulster County New York. Subject matter jurisdiction is based on 28 USC 1332 in that the plaintiff is an Virginia domicilary while defendants are citizens of New York. The plaintiff was a passenger in the vehicle owned and operated by defendant Olson. The vehicle owned and operated by the defendant Creem rear-ended the Olson vehicle. The sole factual issue is whether the Olson vehicle was stopped or stopping at the time of the impact.

## POINT I
### THE STANDARD FOR SUMMARY JUDGMENT IS WHETHER THERE IS A GENUINE ISSUE OF MATERIAL FACT TO BE TRIED.

A party moving for summary judgment under Federal Rule of Civil Procedure 56 (c) must show that no genuine issues of material fact remain to be

tried and that the party is therefore entitled to judgment as a matter of law. SEE CELOTEX CORP v. CATRETT , 477 U.S. 317,322-323, 106 S.Ct. 2548,2552. 91 Led2d 265 (1986) . In order to defeat a motion for summary judgment , the non-moving party must adduce admissible evidence that demostrates that a geniuine issues of material fact remain. SEE G.D. SEARLE & CO v. MEDICORE COMMC'NS INC. 843 F.Supp. 895, 903 (S.D.N.Y.,1994) In deciding the motion , the District Court " is not to resolve issues of fact but only determine whether is is a geniuine issue as to a material fact." HOWLEY v. TOWN OF STRATFORD, 217 F3d 141, 150 (2d CA ,2000). The court must consider the evidence and draw all reasonable infernces in favor of the non-moving party. ANDERSON v. LIBERTY LOBBY,INC. 477 US 242 255, 106 S.Ct. 2505,2513, 91 L Ed 2d 202 (1986) . Summary judgment is improper if, looking at the record in this light , there is any evidence from any source in the record which a reasonable infernce could be drawn in favor of the non-moving party. CHAMBERS v. TRM COPY CTRS. CORP., 43 F3d 29,37 (2CA, 1994). However ,a party opposing summary judgment "may not rest upon mere conciusory allegations or denials , but must forward some affirmative indication that [ his/her] version of relevant events is not fanciful." PODELL v. CITICORP DINERS CLUB, INC 112  F3d 98, 101 (2CA 1997) .

**POINT II**
**DUTY OF OPERATOR OF MOVING VEHICLE**
**WITH REAR END COLLISIONS**

"A rear-end collision with a stopped automobile establishes a prima facie case of negligence on the part of the operator of the moving vehicle and imposes a duty on the operator of the moving vehicle to explain how the accident occurred." (Leal v. Wolff, 224 A.D.2d 392, 638 N.Y.S.2d 110, 111). Citing (Gambino v. City of New York, 205 A.D.2d 583, 613 N.Y.2d 417) (further citations omitted). (See also Barba v. Best Security, 652 N.Y.S.2d 71; Ribowsky v. Kashinsky, 651 N.Y.S.2d 886; DiPaola v. Scherpich, 657 N.Y.S.2d 883). The operator of the moving vehicle is required to rebut the inference of negligence created by an unexplained rear-end collision (Leal v. Wolff, supra). When the operator of the moving vehicle cannot come forward with evidence to rebut the inference of negligence the moving party properly may be awarded judgment as a matter of law (Supra).

### POINT III
**A REAR-END COLLISION WITH A STOPPED VEHICLE CREATES A PRIMA-FACIE CASE FOR SUMMARY JUDGMENT FOR THE FORWARD VEHICLE**

An unexplained rear-end collision to stopped vehicle provides a prima facie case for summary judgment for the front vehicle . GARCIA v. BAKEMARK INGREDIENTS (EAST) INC. 19 AD3rd 224, 797 NYS2d 467 (1st Dept , 2005); RAINFORD v. HAHN 18 AD2d 638 , 795 NYS2d 645 (2nd Dept ,2005) ;NICHOLS v TURNER 6 AD3rd 1009, 776 NYS2d 114, (3rd Dept ,2004) ; DANNER v.

CAMPBELL 302 AD2d 859, 754 NYS2d 484 ( 4th Dept,2003) ; McDUFFIE v. WILNER 415 F. Supp 2d 412 (SDNY ,2006) .

### POINT IV
### AN UNEXPLAINED REAR-END COLLISION WITH A STOPPING VEHICLE CREATES A PRIMA-FACIE CASE FOR SUMMARY JUDGMENT FOR THE FORWARD VEHICLE

In addition to the doctrine set forth in Point III above , it has been held that an unexplained rear-end collision with a vehicle which is coming to a stop provides a prima case for summary judgment for the the front vehicle. YUSUPOV v. SUPREME CARRIER CORP. 240 AD2d 660 , 659 NYS2d 78 ( 2nd Dept ,1997) ; MARLOW v. BOARD OF EDUCATION OGDENSBURG CITY SCHOOL DISTRICT 182 AD2d 889, 582 NYS2d 292 (3rd Dept,1992) ; REBECCHI v. WHITMAN  172 AD2d 600 , 568 NYS2d 423 (2nd Dept, 1991) ; WALLER v WILLIAMS 2005 WL 1460562 (SDNY 2005).

### POINT V
### THE OBSERVATIONS AND CONCLUSIONS OF A POLICE ACCIDENT ARE ADMISSIBLE UNDER FRE 803 (6) AND (8).

The observations and conclusions contained  on a police accident report have been held to be admissible as a record of a regularly recorded activity and/or a public record under Fre 803 (6) and (8) . Abker v. ELCONA HOMES

INC. 588 F2d 551 ( 6 CA 1978) ; SCHWARTZ v. USA 149 FRD 7 (D.Mass, 1993)

.

## POINT VI

### NEW YORK LAW WILL CONTROL A TORT ACTION WHICH OCCURS IN NEW YORK AND IN WHICH THE DEFENDANTS ARE NEW YORK DOMICILARIES

New York's choice of law rule for torts is the interest analysis test set forth in COONEY v. OSGOOD MACHINERY INC. 81 NY2d 66, 595 NYS2d 919, 612 NE2d 277 (1993) . New York will apply the law of the place of the tort to conduct regulating rules . COONEY v. OSGOOD MACHINERY SUPRA  81 NY2d at 72, 595 NYS2d at 922 , 612 NE2d at 280.  New York will determine which law applies for loss allocation issues by applying the three-pronged NEUMEIER rules which directs under the second rule that where there are parties from different states and the tort occurs in one the two states ,that state's rule will apply. COONEY v. OSGOOD MACHINERY SUPRA 81 NY2d at 73 , 595 NYS2d at 923, 612 NE2d at 281.

Dated:  Westbury, New York
        March 25, 2008

                                                           John W. Kondulis, Esq.