UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDITH H. WEISS,

                        Plaintiff(s),                **VERIFIED ANSWER
WITH CROSS CLAIM**

     -against-

                                                                  Index No.  07CV5712

FRANCES M. CREEM and BETTY M. OLSEN,

                        Defendant(s).

       The defendant(s), FRANCES M. CREEM, answering the Complaint of the plaintiff(s) herein:

       <u>FIRST</u>:     Admits each and every allegation in the paragraphs of the Complaint designated as follows: "2" and "8".

       <u>SECOND</u>:     Denies each and every allegation in the paragraphs of the Complaint designated as follows: "4".

       <u>THIRD</u>:     Denies any knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in the paragraphs of the Complaint designated as follows: "1" and "3".

       <u>FOURTH</u>:     Denies each and every allegation contained in the paragraphs of the complaint designated as follows, and refers all questions of law to the Court: "5" and "6".

### **AS AND FOR THE FIRST CAUSE OF ACTION**

       <u>FIFTH</u>:     Admits each and every allegation in the paragraphs of the Complaint designated as follows: "7" and "8".

       <u>SIXTH:</u>     Denies each and every allegation in the paragraphs of the Complaint designated as follows: "18" (paragraph immediately following number 16 of plaintiff's complaint), "19", "20", "21", "22", "23", "24" and "26".

SEVENTH: Denies any knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in the paragraphs of the Complaint designated as follows: "9" and "10", "11", "12", "13", "14", "15" and "16".

EIGHTH: Denies each and every allegation contained in the paragraphs of the complaint designated as follows, and refers all questions of law to the Court: "25".

AS AND FOR A FIRST SEPARATE, AND COMPLETE AFFIRMATIVE DEFENSE

NINTH: That whatever damages, personal injury, injury to property, or wrongful death plaintiff(s) and/or plaintiff's decedent may have sustained, if any, at the time and place alleged in the Complaint herein, or any amendments thereto, if not caused in whole by the carelessness, negligence, assumption of risk and culpable conduct of the plaintiff(s) and/or plaintiff's decedent, were then caused by the carelessness, negligence, culpable conduct and want of care on the part of the plaintiff(s) and/or plaintiff's decedent; and if any carelessness, negligence or culpable conduct upon the part of defendant(s) caused or contributed to such injury or wrongful death and damages of plaintiff(s) and/or plaintiff's decedent, such on the part of defendant(s) bore only a slight proportion to the entire negligence and culpable conduct attributable to both plaintiff(s) and/or plaintiff's decedent in causing the accident and any damages sustained.

AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

ELEVENTH: That by entering into the activity in which the plaintiff, JUDITH H. WEISS, was engaged at the time of the occurrence set forth in the Verified Complaint, said plaintiff knew the hazards hereof and the inherent risks incident thereto and had full knowledge of the dangers thereto; that whatever injuries and damages were sustained by the plaintiff herein as alleged in the Verified Complaint arose from and were caused by reason of

such risks voluntarily undertaken by the plaintiff in his/her activities and such risks were assumed and accepted by him/her in performing and engaging in said activities.

### AS AND FOR A THIRD SEPARATE, AND COMPLETE AFFIRMATIVE DEFENSE

TWELFTH:   Plaintiff failed to take all reasonable measures to reduce, mitigate and/or minimize the damages alleged.

### AS AND FOR A FOURTH SEPARATE, AND COMPLETE AFFIRMATIVE DEFENSE

THIRTEENTH:   Plaintiff('s/s') recovery, if any, shall be reduced by the amount of any collateral source payments received, in accordance with CPLR 4545.

### AS AND FOR A FIFTH SEPARATE, AND COMPLETE AFFIRMATIVE DEFENSE

FOURTEENTH:   The above-entitled action is subject to the provisions of CPLR Article 16.

### AS AND FOR A SIXTH SEPARATE, AND COMPLETE AFFIRMATIVE DEFENSE

FIFTEENTH:   If it is determined that the plaintiff(s), failed to use available seat belts, defendant(s), pleads said fact in mitigation of damages.

### AS AND FOR A CROSS COMPLAINT AGAINST DEFENDANT(S), BETTY M. OLSEN, DEFENDANT(S), FRANCES M. CREEM RESPECTFULLY ALLEGES:

SIXTEENTH:   That if the plaintiff(s), JUDITH H. WEISS, were caused to sustain damages as alleged in the Complaint other than through his/her own carelessness, recklessness or negligence, then all such damages would have been caused and/or brought about, in whole or in material part, by the affirmative wrong doing, fault, negligence, recklessness or failure of due care of defendant(s) BETTY M. OLSEN, without any similar acts of answering defendants(s) contributing thereto, and in the event that the answering defendants should be held liable for any amount of damages caused to the plaintiff, then a separate determination should be made as to the proportion of relative responsibility and

culpable conduct of defendant(s), BETTY M. OLSEN, and said co-defendant(s) shall be held liable over the answering defendant(s) for the full amount of any verdict or judgment that the plaintiff(s) may recover against the answering defendant(s) or for any part thereof, according to the proportionate share of fault of defendants.

**WHEREFORE,** the defendant(s), FRANCES M. CREEM, demand(s) judgment as follows:

(a) dismissing the Complaint herein, together with the costs and disbursements of this action;
(b) judgment over and against defendant(s), BETTY M. OLSEN, for the full amount of any judgment which may be obtained herein by the plaintiff(s), JUDITH H. WEISS, against the answering defendant(s), or in such amount as the Court or Jury may direct in accordance with the relative responsibilities and culpabilities of the parties.

Dated: Hauppauge, New York
       July 17, 2007

Yours, etc.,
**DeSENA & SWEENEY, LLP**
By:

_____
ROBERT P. SWEENEY (0427)
Attorney(s) for Defendant(s)
FRANCES M. CREEM
1383-32 Veterans Memorial Highway
Hauppauge, New York 11788
(631) 360-7333
File Number: 07SF0120SD
Claim Number: 52-2992-790

STATE OF NEW YORK, COUNTY SUFFOLK

The undersigned, an attorney admitted to practice in the Courts of New York State, shows: affirmant is ROBERT P. SWEENEY, an attorney in the law firm of **DeSENA & SWEENEY, LLP.,** attorney of record for FRANCES M. CREEM, in the within action; affirmant has read the foregoing ANSWER WITH CROSS CLAIM and knows the contents thereof; the same is true to affirmant's own knowledge, except as to the matters therein stated to be alleged on information and belief and that as to those matters affirmant believes it to be true.  This verification is made by affirmant and not by FRANCES M. CREEM, in that she is not within the County where undersigned has his office.

The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are as follows: investigations made relative to the subject matter, information and records, in his file.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated:  Hauppauge, New York
        July 17, 2007

                                             _____
                                                ROBERT P. SWEENEY (0427)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDITH H. WEISS,

                Plaintiff(s),          **AFFIDAVIT OF SERVICE**

       -against-                    Index No. 07CV5712

FRANCES M. CREEM and BETTY M. OLSEN,
BETTY M. OLSEN and FRANCES M. CREEM,

                Defendant(s).

STATE OF NEW YORK, COUNTY OF SUFFOLK

Siobhan K. Geosits, being duly sworn, deposes and says: deponent is not a party to the action, is over 18 years of age and resides at St. James, New York.

On _____ deponent served the within **VERIFIED ANSWER WITH CROSS CLAIM** upon the attorney(s) and/or the parties listed herein, at the address(es) designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a post-paid properly addressed wrapper, in - a post office - official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

Friedman, Friedman, Chiaravalloti & Giannini    Betty M. Olsen
Attorney(s) for Plaintiff(s)                             254 Hollow Road
2 Rector Street, 21st Floor                                Staatsburg, NY 12580
New York, NY 10006

                                                                      Siobhan K. Geosits

Sworn to before me this _____ day
of _____, 2007

_____
     NOTARY PUBLIC